# Exhibit A

**JAMS ARBITRATION CASE REFERENCE NO. 5220008989**

VIVEK SHAH,

      Claimant,

and

AMERICAN EXPRESS COMPANY,

      Respondent.

---

**SCHEDULING ORDER NO. 3**

At the request of Respondent's new counsel, a scheduling conference was held on December 8, 2025. The following orders are made in accordance with the discussion at that conference.

1. Respondent shall respond to the previously allowed discovery, without further objection, by January 12, 2026.

2. Claimant retains, as previously ordered, the right to request further discovery regarding Respondent's Policies and Procedures if Respondent raises its Policies and Practices as a defense in this arbitration.

3. Respondent shall not file the previously contemplated Dispositive Motion.

4. The January 21st and 22nd hearing dates are vacated.

5. New hearing dates will be set by the case manager, in consultation with counsel, for late February or early March.

6. Scheduling Order No. 1 is also modified as follows:

    a) Witnesses that each party intends to call shall be identified no later than 15 days before the hearing.

    b) All documents a party intends to introduce at the hearing (other than impeaching documents) shall be identified no later than 15 days before the hearing.

    c) *Motions in Limine* shall be filed no later than 10 days prior to the hearing date; opposition to any *Motions in Limine* shall be filed no later than 5 days thereafter. No reply papers will be allowed.

    d) Simultaneous trial briefs shall be filed no later than 10 days before the hearing.

    e) Trial Exhibits shall be pre-marked and a joint exhibit list submitted no later than 5 days before the hearing date. The parties are otherwise ordered to comply with Paragraph 11(e) of Scheduling Order No. 1.

    f) A joint witness list shall be submitted no later than 5 days before the hearing.

g)   If either side intends to utilize a court reporter notice to the other side shall be given 10 days before the hearing and the parties shall comply with Paragraph 11 (h) of  Scheduling order No. 1.

7. A Pre-Hearing Readiness Conference will be scheduled approximately 10 days before  the scheduled hearing.

Date:  December 8, 2025

Edith Matthai, Esq.
Arbitrator

SCHEDULING ORDER NO. 3



# CORRECTED NOTICE OF RESCHEDULED HEARING

NOTICE TO ALL PARTIES                                                    December 15, 2025

RE:    **Shah, Vivek vs. American Express Company**
       Reference #: 5220008989

Dear Parties:

This letter will confirm the arbitration hearing in the above-referenced matter has been rescheduled as follows:

DATES:     March 4 and 5, 2026 at 9:00 AM (PT)

PLACE:     JAMS
           1925 Century Park East
           Suite 1400
           Los Angeles, CA 90067
           (Parking Entrance is for Watt Plaza: 1875-1925 Century Park East)

PANELIST:  Ms. Edith R. Matthai Esq.

All fees are due upon receipt. If you have an outstanding balance for retainer of services, please refer to the enclosed invoice.  Invoices can be viewed and paid online by visiting JAMS Access. Instructions for alternative methods of payment can be found at the bottom of the invoice.  Should additional time be incurred, a subsequent invoice will be sent, to be paid upon receipt. In addition, at the beginning of every month you will receive a detailed statement outlining all billing and payment activity from the prior month.

If additional fees are incurred beyond what has been collected, an invoice will be sent following the hearing.  Receipt of payment for all fees is required prior to service of an award which the Arbitrator(s) has rendered.

Any cancelation or continuance must be approved by the arbitrator. If reserved time is canceled or continued by any party after 02/02/2026 JAMS will make every attempt to reschedule the neutral's time with another matter.  However, if JAMS cannot reschedule, the party canceling or continuing the hearing is responsible for all fees associated with the reserved time.

Pre-hearing materials may be submitted as directed in the Arbitrator's Scheduling Order. If you have any questions, please contact me directly at 213-253-9776. We look forward to working with you.

Sincerely,
/s/ Riley Dudley

Riley Dudley *on behalf of*
Gabrielle Nakayama
Case Manager
GNakayama@jamsadr.com



# General Fee Schedule

*Edith R. Matthai, Esq.*

## PROFESSIONAL FEES

**Daily Rate** ..………………..………………………………**$12,000**
Includes up to 8 hours of session time on the scheduled day

- Other professional time (including additional hearing time, pre- and post-hearing reading and research, conference calls, and drafting orders and awards) will be billed at $1,200 per hour. This may include travel time.

## ARBITRATION FEES

**Filing Fee**
$2,000 – Two Party Matter
$3,500 – Matters involving three or more parties
$2,000 – Counterclaims
• Entire Filing Fee must be paid in full to commence the proceedings.
• A refund of $1,000 will be issued if the matter is withdrawn within five days of filing. After five days, the Filing Fee is non-refundable.

**Case Management Fee**
- 13% of Professional Fees
- The Case Management Fee includes access to an exclusive nationwide panel of judges, attorneys, and other ADR experts, dedicated services including all administration through the duration of the case, document handling, and use of JAMS conference facilities including after hours and on-site business support. Weekends and holidays are subject to additional charges.

## CASE MANAGEMENT FEES FOR OTHER MATTERS

**(Discovery, Special Master, Reference, and Appraisal)**
Initial Non-Refundable Case Management Fee of $1000 per party
Plus 13% of Professional Fees

**Neutral Analysis Matters**
Contact JAMS for administrative and pricing details.

## CANCELLATION/CONTINUANCE POLICY

| Number of Days | | Cancellation/Continuance Period | | Fee |
|---|---|---|---|---|
| 1 day or less | ……………… | 14 days or more prior to hearing | ……….……… | 100% REFUNDABLE, except for time incurred |
| 2 to 3 days | ……………… | 30 days or more prior to hearing | ……….……… | 100% REFUNDABLE, except for time incurred |
| 4 days or more | ……………… | 60 days or more prior to hearing | ……….……… | 100% REFUNDABLE, except for time incurred |
| Sessions of any length | ……………… | Inside the cancellation/continuance period | ……………… | NON-REFUNDABLE |

- Unused hearing time is non-refundable.
- Hearing fees, including all applicable Case Management Fees, are non-refundable if time scheduled (or a portion thereof) is cancelled or continued after the cancellation date unless the Arbitrator's time can be rescheduled with a hearing in another matter. The cancellation policy exists because time reserved and later cancelled generally cannot be replaced. In all cases involving non-refundable time, the cancelling or continuing party is responsible for the fees of all parties.
- A retainer for anticipated preparation and follow-up time will be billed to the parties. Any unused portion will be refunded.
- Refund Policy: Overpayments are issued to the billing contact on the matter regardless of the paying party.
- All fees are due and payable in advance of services rendered and by any applicable due date as stated in a hearing confirmation letter.  JAMS reserves the right to cancel your hearing if fees are not paid by all parties by the applicable cancellation date and JAMS confirms the cancellation in writing.
- Receipt of payment for all fees is required prior to service of an arbitration order or award.
- For arbitrations arising out of employer-promulgated plans, the only fee that an employee may be required to pay is $400. The employer must bear the remainder of the employee's share of the Filing Fee and all Case Management Fees. Any questions or disagreements about whether a matter arises out of an employer-promulgated plan or an individually negotiated agreement or contract will be determined by JAMS, whose determination shall be final.
- For arbitrations arising out of pre-dispute arbitration clauses between companies and individual consumers, JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses, Minimum Standards of Procedural Fairness applies. In those cases, when a consumer (as defined by those Minimum Standards) initiates arbitration against the company, the only fee required to be paid by the consumer is $250. The company must bear the remainder of the consumer's share of the Filing Fee and all Case Management Fees.
- Parties that, through mutual agreement, have held their case in abeyance for one year will be assessed an initial abeyance fee of $500, and $500 every six months thereafter. If a party refuses to pay the assessed fee, the other party or parties may opt to pay the entire fee on behalf of all parties, otherwise the matter will be closed.
- JAMS panelists may use a law clerk depending on the complexity of the case. The parties will be informed of the engagement if the neutral plans to employ a clerk. The clerk's hourly rate will be billed to the parties subject to the agreed fee split and in accordance with JAMS' policies.

JAMS agreement to render services is with the attorney, the party, and/or other representatives of the party.

**Century City • Inland Empire • Los Angeles • Orange County • San Diego • San Francisco • Silicon Valley**
www.jamsadr.com • Updated 12/9/2024



## JAMS ARBITRATION ADMINISTRATIVE POLICIES

### I. Fees for the Arbitration

The Parties and their representatives agree to pay JAMS for the arbitration as set forth in the JAMS Fee Schedule in effect at the time of commencement, including the Cancellation/Continuance Policy contained therein. JAMS agreement to render services is jointly with the Party and attorney or other representative of the Party in Arbitration.

Parties are billed a retainer in advance of services rendered. Payment is due upon receipt of an invoice and in advance of services rendered. JAMS will invoice for additional retainer as needed throughout the life of the arbitration. The Parties further agree to payment of an Abeyance Fee to be charged 12 months from the date of last billing, and every six months thereafter. The Parties agree that JAMS may cancel an arbitration hearing and will not deliver the arbitrator's decision to any Party without full payment of all invoices to all parties. Payments received from a single source will be issued back to that payer but mailed to the JAMS billing contact. Payments received from multiple sources will be issued and mailed to the JAMS billing contact only. Returned refunds will incur a $100 reprocessing fee.

### II. Records

JAMS does not maintain a duplicate file of documents filed in the Arbitration. If the parties wish to have any documents returned to them, they must advise JAMS in writing within 30 days of the conclusion of the Arbitration. If special arrangements are required regarding file maintenance or document retention, they must be agreed to in writing and JAMS reserves the right to impose an additional fee for such special arrangements.

### III. Disqualification of the Arbitrator and JAMS as Witness/Limitation of Liability

The Parties have agreed or hereby agree that they will not call the arbitrator or any employee or agent of JAMS as a witness or as an expert in any proceeding involving the Parties and relating to the dispute which is the subject of the arbitration, nor shall they subpoena any notes or other materials generated by the arbitrator during the arbitration. The Parties further agree to defend the arbitrator and JAMS and its employees and agents from any subpoenas from outside Parties arising out of this Agreement or arbitration.

The Parties agree that neither the arbitrator nor JAMS, including its employees or agents, is a necessary Party in any proceeding involving the participants and relating to the dispute which is the subject of the arbitration. The Parties further agree that the arbitrator and JAMS, including its employees or agents, shall have the same immunity from liability for any act or omission in connection with the arbitration as judges and court employees would have under federal law.

### IV. Party

The term "Party" as used in these Policies includes Parties to the Arbitration and their counsel or representative.



# Document Retention Policy

Please note that **30 CALENDAR DAYS** after termination of any case JAMS will destroy the following documents submitted by parties unless parties specifically notify JAMS that they wish to collect their documents:

- **Briefs**
- **Exhibits**[1]
- **Evidence**
- **Transcripts**

Parties should collect their documents as soon as possible after the termination of a case. Otherwise, they will be destroyed 30 days thereafter. Please note that JAMS does not maintain a duplicate file of documents, which are normally forwarded to the Neutral upon receipt. Any items marked with notes, comments or suggestions by the Neutral will automatically be destroyed upon closing of the file.

"Termination" of a case is defined as any of the following:

- **Resolution of a matter, e.g., either through settlement or issuance of an award**
- **Mutual agreement to close the matter**
- **Withdrawal from ADR Process**
- **Time Period of one year elapses without any resolution and no future dates on calendar**
- **Notice from JAMS that the matter has been terminated**

---

[1] Exhibits - For temporary judge and referee cases, CRC 2.400(c)(2) – Exhibits will be returned to the clerk of the court, unless stipulated otherwise by the parties and such stipulation approved by the court.

**Revised October 6, 2020**
**Resolution Centers Nationwide • 1.800.352.5267 • www.jamsadr.com**

**JAMS ARBITRATION**

**Case No. 5220008989**


VIVEK SHAH,
     Claimant,

**v.**

AMERICAN EXPRESS COMPANY,
     Respondent.

## **NOTICE OF VOLUNTARY DISMISSAL**


     Please take notice that Claimant hereby voluntarily dismisses the case and requests the case manager to close the case.

Dated: February 25, 2026

Respectfully submitted,

/s/ Vivek Shah

Vivek Shah
Claimant

**JAMS**

Reference No. 5220008989

VIVEK SHAH

      Claimant,

v.

AMERICAN EXPRESS NATIONAL BANK,

      Respondent.

### RESPONDENT AMERICAN EXPRESS NATIONAL BANK'S RULE 10 RESPONSE TO CLAIMANT'S NOTICE OF VOLUNTARY DISMISSAL

Pursuant to JAMS Streamlined Rule 10 ("JAMS Rule"), Respondent American Express National Bank ("American Express") hereby submits its Response to Claimant's Notice of Voluntary Dismissal, filed on February 25, 2026.

## I.    INTRODUCTION

A year and a half after bringing this frivolous action, Claimant filed an improper Notice of Voluntary Dismissal ("Notice") a week before the Final Hearing. Claimant's actions in these proceedings—including multiple meritless motions and waiting until after the deadline for a refund of arbitration hearing fees—have prejudiced American Express. Claimant should not be permitted to further prejudice American Express by refiling his claims in another forum.

Pursuant to the December 15, 2025, Corrected Notice of Rescheduled Hearing, hearing fees are non-refundable after February 2, 2026 and the party that cancels the hearing after that date "is responsible for all fees associated the reserved time." Because Claimant canceled the hearing six days before the hearing date, he is responsible for the hearing fees and must be ordered to reimburse American Express the fees it paid for the hearing.

DB1/ 166978294.1

1

JAMS Rule 10(a) does not permit party to terminate or withdraw from arbitration absent the written agreement of the other parties.  To the extent that Claimant's Notice seeks to withdraw his claims without prejudice pursuant to JAMS Rule 10(b), American Express respectfully requests that the Arbitrator order that the dismissal be with prejudice.  In the alternative, if the Arbitrator is not inclined to order a dismissal with prejudice, American Express, conservatively requests that the Arbitrator issue, in addition to the required reimbursement of hearing fees, an award of fees and costs to American Express consisting of the arbitration fees and costs paid by American Express and the attorneys' fees and costs incurred by American Express in connection with the pre-hearing filings, including the pre-hearing brief, motion-in-limine, the Pre-Hearing Readiness Conference, the hearing exhibits, and witness list, as well as responding to Claimant's belated Motion for Leave to Amend and notice of voluntary dismissal.

## II.    BACKGROUND

On March 25, 2025, Plaintiff filed his Demand for Arbitration.  JAMS issued the Notice of Commencement of Arbitration on April 16, 2025.

On August 15, 2025, American Express deposited $16,300.00 for Invoice #7791314.  On August 15, 2025, American Express deposited an additional $43,500.00 for Invoice #7892680.

On December 15, 2025, the hearing date was rescheduled for March 4 to 5, 2026.  Pursuant to the Corrected Notice of Rescheduled Hearing:

> Any cancelation or continuance must be approved by the arbitrator.  **If reserved time is canceled or continued by any party after 02/02/2026** JAMS will make every attempt to reschedule the neutral's time with another matter.  However, if JAMS cannot reschedule, **the party canceling or continuing the hearing is responsible for all fees associated with the reserved time.**

Seven days before the scheduled start of the arbitration hearing, Claimant filed a Request for Leave to Amend Complaint on February 24, 2026.  American Express filed its opposition that evening.  On February 25, 2026, the Arbitrator denied leave to amend.  A few hours later, Claimant filed a Notice of Voluntary Dismissal stating:  "Please take notice that Claimant hereby voluntarily dismisses the case and requests the case manager to close the case."

On February 26, 2026, case manager, Gabrielle Nakayama confirmed that the fees are non-refundable.

### III.   LEGAL STANDARD

Under JAMS Rule 10(a), a party may not unilaterally withdraw from arbitration "after the issuance of [a] Commencement Letter."  Miller v. Plex, Inc., No. 22-CV-05015-SVK, 2024 WL 348820, at *4 (N.D. Cal. Jan. 30, 2024).  While a party may unilaterally withdraw a claim without prejudice, the opposing party may "request that the Arbitrator condition the withdrawal upon such terms as he or she may direct."  JAMS Rule 10(b).  JAMS Rule 10 is effectively the equivalent of Federal Rule of Civil Procedure 41 that prohibits the voluntary dismissal of an action after the filing of the answer or motion for summary judgment absent a stipulation of dismissal signed by all parties or a court order.  Pursuant to Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  "These terms may include that the dismissal be with prejudice."  Microhits, Inc. v. Deep Dish Prods., Inc., 510 F. App'x 611, 612 (9th Cir. 2013); Kamal v. Eden Creamery, LLC, 88 F.4th 1268, 1279 (9th Cir. 2023) ("Generally, Rule 41(a)(2) grants a district court discretion to dismiss a case with or without prejudice.").  The primary purpose of requiring a court order is "to prevent voluntary dismissals which unfairly affect the other side and to permit the imposition of curative conditions."  Alamance Industries, Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir. 1961).

## IV.    ARGUMENT

**A.    Claimant Is Responsible for All Fees Associated with the Arbitration Hearing.**

Pursuant to the General Fee Schedule, the fees paid for the Arbitration Hearing are non-refundable if the hearing is canceled less than thirty days prior to the hearing.  Scheduling Order No. 1 states that those fees shall be considered a "cancellation fee."  February 2, 2026 was the last day to cancel or continue the hearing with a refund.  The Corrected Notice of Rescheduled Hearing, states that "party canceling … the hearing is responsible for all fees."  Claimant cancelled the Arbitration Hearing on February 25, 2026—twenty-three days after the deadline and only six days before the hearing.  Accordingly, Claimant is response for "all fees" paid for the Arbitration Hearing.[1]  American Express respectfully requests that the Arbitrator order Claimant to reimburse American Express the fees paid by American Express for the Arbitration Hearing.

**B.    The Dismissal Should Be With Prejudice.**

Under JAMS Rule 10(a), Claimant cannot unilaterally terminate or withdraw from the arbitration "after the issuance of [a] Commencement Letter."  Miller, 2024 WL 348820, at *4.  Here, the Commencement Letter was issued on April 16, 2025.  Additionally, Claimant cannot withdraw from the arbitration absent approval of the Arbitrator.  Further, the Arbitrator may impose conditions upon any withdrawal including that it be with prejudice.  JAMS Rule 10(b); Fed. R. Civ. Proc. 41(a)(2); Jackson v. Catanzariti, 159 F.4th 874, 882 (11th Cir. 2025) ("Rule 41(a)(2) permits a district court to impose judgment and assess costs, fees, and such other terms as may be appropriate.").

---

[1] Pursuant to the Order Regarding Consumer Arbitration and Choice of Law issued on September 9, 2025, Claimant is not a consumer and this is not a consumer arbitration.

Where, as here, the plaintiff fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the discretion of the lower court. See Hargis v. Foster, 312 F.3d 404, 407 (9th Cir. 2002) ("Hargis requested a dismissal without specifying whether he was requesting dismissal with or without prejudice, implicitly accepting either determination by the district court."). Dismissal with prejudice may be appropriate where "it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action." Burnette v. Godshall, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), aff'd sub nom. Burnette v. Lockheed Missiles & Space Co., 72 F.3d 766 (9th Cir. 1995) (cleaned up). "The following factors are relevant in determining whether the dismissal should be with or without prejudice: (1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, and (3) insufficient explanation of the need to take a dismissal." Burnette, 828 F. Supp. at 1443-44. Each factor weighs in favor of dismissal with prejudice.

First, American Express expended great effort and expense in preparing for trial, including, but not limited, to formulating a trial plan, drafting the prehearing brief and motion in limine, preparing for the Pre-Hearing Readiness Conference, paying for court reporter for the prehearing conference, preparing the joint exhibits for the Arbitration Hearing. With respect to the joint exhibits, Claimant provided two pdfs consisting of 1,170 pages for a total of 170 exhibits that needed to be unitized then de-duped. Additionally, American Express had to draft a response to Claimant's belated and frivolous Motion for Leave to Amend Complaint.

Second, Claimant has been aware of the weaknesses in his claims since he filed this action. As the Arbitrator ruled in the Order on Request for Leave to Amend, "Claimant has been aware since October 18, 2024 that Respondent assets that Claimant is not an applicant under the

ECOA [and] that assertion has been reiterated throughout these proceedings." Claimant was also aware that the fact that he had received—and sought to use as exhibits—several of the statements of reasons foreclosed his ECOA notice claims. See Shah v. Citibank, N.A., No. 2:24-CV-07252-MCS-AS, 2025 WL 2684036, at *2 (C.D. Cal. Feb. 12, 2025); Shah v. JPMorgan Chase Bank, N.A., No. 2:24-CV-08601-AH (EX), 2025 WL 1421290, at *3 (C.D. Cal. May 8, 2025).

Third, the Notice provides no explanation as to why Claimant seeks voluntary dismissal at this late stage. However, given the Arbitrator's statement at the Pre-Hearing Conference that the primary issues where whether the adverse action notices were sent and whether Claimant met the definition of "applicant" under the ECOA, and the subsequent denial of Claimant's Motion for Leave to Amend, it seems that Claimant seeks dismissal either to avoid an adverse decision or to seek a more favorable forum. Neither is permissible. Hamm v. Rhone-Poulenc Rorer Pharms., Inc., 187 F.3d 941, 950 (8th Cir. 1999) ("[A] party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum."); Brooks v. State Bd. of Elections, 173 F.R.D. 547, 549–50 (S.D. Ga. 1997) (noting that, "[w]here legal prejudice is especially aggravated, some courts go beyond the scope of the plaintiff's motion and impose the ultimate condition: dismissal with prejudice"; adding that "[t]hese situations have usually arisen where the plaintiff waited until the defendant is on the verge of triumph to move for a Rule 41(a)(2) dismissal"); Grover By Grover v. Eli Lilly and Co., 33 F.3d 716, 719 (6th Cir. 1994) ("At the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice").

For the foregoing reasons, the Arbitrator should order that Claimant's claims be dismissed with prejudice. See Jackson, 159 F.4th at 882 (affirming entry of judgment against plaintiff who sought an "eleventh-hour" dismissal).

**C.**    **If the Arbitrator Is Inclined to Permit the Withdrawal Without Prejudice, Then American Express Requests an Additional Award of Fees and Costs.**

To the extent the Arbitrator is inclined to permit Claimant to withdraw his claims without prejudice, the Arbitrator should grant an award of fees and costs, in addition to the required reimbursement of the hearing fees, to American Express.  See Kamal, 88 F.4th at 1286-87 (courts may award attorneys' fees as a condition of dismissal without prejudice); McCants v. Ford Motor Co., 781 F.2d 855, 860 (11th Cir. 1986) ("A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation.").

In determining whether to award fees and costs to a defendant after a voluntary dismissal without prejudice, "courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss."  As explained above, American Express expended much effort and expense in preparing for the Arbitration Hearing.  Claimant cannot show that he was diligent in seeking a voluntary dismissal given that he was long aware of weaknesses in his claims and still waited until only six days prior to the scheduled hearing date to seek dismissal.  "Fairness dictates that [Claimant's] motion for voluntary dismissal without prejudice should be conditioned on payment of litigation costs, including attorneys' fees."  Pohl v. MH SUB I, LLC, 407 F. Supp. 3d 1253, 1257 (N.D. Fla. 2019).  American Express is, of course, cognizant that any award of attorneys' fees and costs will need evidentiary support; however, given the surprise of the Notice and quick response required under Rule 10, American Express respectfully requests that the Arbitrator grant it fourteen days to submit a fee affidavit.

7

## V.    CONCLUSION

For the foregoing reasons, American Express respectfully requests that the Arbitrator (1) order Claimant to reimburse American Express the fees it paid for the hearing and (2) order that Claimant's claims be dismissed with prejudice.   If the Arbitrator is inclined to grant a dismissal without prejudice, American Express requests that the Arbitrator (1) order Claimant to reimburse American Express the fees it paid for the hearing and (2) condition any dismissal without prejudice upon an additional award of fees and costs to American Express.

Dated: March 2, 2026

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS, LLP

By:    */s/ Kay Fitz-Patrick*
Brian C. Frontino
Kay Fitz-Patrick
Morgan Lewis & Bockius LLP
2029 Century Park East, Suite 700
Los Angeles, CA 90067
Telephone:    310-907-1064
Fax:                310-907-1001
Email: brian.frontino@morganlewis.com
        kay.fitz-patrick@morganlewis.com

*Attorneys for Respondent*
    *American Express National Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2026, a copy for the foregoing **RESPONDENT AMERICAN EXPRESS NATIONAL BANK'S RULE 10 RESPONSE TO CLAIMANT'S NOTICE OF VOLUNTARY DISMISSAL** was submitted to JAMS and was caused to be served electronically, through JAMS Access electronic filing system, upon all parties of record.

*/s/ Kay Fitz-Patrick*
Kay Fitz-Patrick

**JAMS ARBITRATION CASE REFERENCE NO. 5220008989**

VIVEK SHAH,

     Claimant,

and

AMERICAN EXPRESS COMPANY,

     Respondent.

---

**ORDER FOR DISMISSAL WITH PREJUDICE**

On December 15, 2025, the Arbitration Hearing in this matter was set for March 4 and March 5, 2026.

On February 25, 2026, Claimant filed a "Notice of Voluntary Dismissal." The Notice stated, "Please take notice that Claimant hereby voluntarily dismisses the case and requests the case manager to close the case."

On March 2, 2026, Respondent filed a Rule 10 Response to the Notice of Voluntary Dismissal. Respondent requested that the withdrawal of the claim be conditioned on the dismissal of the Arbitration being with prejudice. Respondent also asked that the Arbitration fees paid by Respondent be awarded to Respondent.

The request for an award of the Arbitration fees is denied.

The request that the dismissal of the Arbitration be with prejudice is granted.

It is hereby ordered that this Arbitration shall be closed with prejudice.

Date:   March 4, 2026

                                      Edith Matthai, Esq.
Arbitrator

JAMS ARBITRATION
Reference No. 5220008989

VIVEK SHAH,

     Claimant,

v.

AMERICAN EXPRESS NATIONAL BANK,

     Respondent.

## CLAIMANT'S MOTION FOR RECONSIDERATION AND REQUEST TO MODIFY ORDER OF DISMISSAL

I respectfully move the Arbitrator to reconsider and modify the Order for Dismissal With Prejudice dated March 4, 2026 so that the arbitration is dismissed without prejudice.

## I. INTRODUCTION

On February 25, 2026, I filed a Notice of Voluntary Dismissal stating: "Claimant hereby voluntarily dismisses the case and requests the case manager to close the case." The notice did not request dismissal with prejudice and did not request any adjudication on the merits.

On March 2, 2026, Respondent filed a Rule 10 Response requesting that the dismissal be converted to a dismissal with prejudice. I was not provided an opportunity to respond to that request. On March 4, 2026, the Arbitrator issued an Order granting Respondent's request and dismissing the arbitration with prejudice.

The order should be modified because (1) my Notice of Voluntary Dismissal terminated the controversy submitted to arbitration, (2) the dismissal order exceeded the issues submitted to the arbitrator, and (3) I was not afforded an opportunity to respond before the dismissal was converted into a merits-preclusive ruling.

## II. THE NOTICE OF VOLUNTARY DISMISSAL TERMINATED THE CONTROVERSY SUBMITTED TO ARBITRATION

1

Under California Code of Civil Procedure section 1283.8, the powers of arbitrators are limited and circumscribed by the agreement or stipulation of submission. Once I withdrew the claims that were submitted to arbitration, no remaining controversy remained before the arbitrator for adjudication.

California Code of Civil Procedure section 1283.4 provides that an arbitration award must determine the questions submitted to the arbitrator that are necessary to resolve the controversy. When I withdrew the claims and requested closure of the arbitration, no controversy remained for determination.

My Notice of Voluntary Dismissal withdrew the claims entirely and requested that the case manager close the case. The notice did not request adjudication on the merits and did not request dismissal with prejudice.

## III. A DISMISSAL WITH PREJUDICE EXCEEDS THE SCOPE OF THE SUBMITTED CONTROVERSY

Under the Federal Arbitration Act, an arbitration award may be vacated where the arbitrator exceeded his or her powers. 9 U.S.C. section 10(a)(4).

Once I withdrew the claims, the merits of those claims were no longer submitted to arbitration. Entering an order dismissing the matter with prejudice operates as a merits-preclusive determination and therefore exceeds the scope of the issues remaining before the arbitrator.

Courts routinely recognize that voluntary dismissals are ordinarily without prejudice unless the claimant expressly requests otherwise.

Federal Rule of Civil Procedure 41(a)(1)(B) provides: "Unless the notice or stipulation states otherwise, the dismissal is without prejudice."

Although arbitration is not governed directly by Rule 41, the rule reflects the general procedural principle that a voluntary dismissal is ordinarily without prejudice unless expressly stated otherwise.

## IV. I WAS NOT GIVEN AN OPPORTUNITY TO RESPOND TO THE REQUEST FOR DISMISSAL WITH PREJUDICE

Respondent requested dismissal with prejudice in its Rule 10 Response filed on March 2, 2026. I was not afforded an opportunity to respond before the Arbitrator granted that request. Basic procedural fairness requires that a party be given an opportunity to address a request that would convert a voluntary dismissal into a merits-preclusive ruling.

Under the Federal Arbitration Act, an award may be vacated where the arbitrator is guilty of misconduct in refusing to hear evidence or argument pertinent and material to the controversy. 9 U.S.C. section 10(a)(3).

By granting Respondent's request without allowing me an opportunity to respond, I was deprived of the opportunity to address whether dismissal with prejudice was appropriate.

## V. MODIFICATION OF THE ORDER IS THE APPROPRIATE REMEDY

The appropriate remedy is modification of the March 4, 2026 order so that the arbitration is dismissed without prejudice consistent with my Notice of Voluntary Dismissal. Such modification preserves the effect of my voluntary withdrawal while avoiding the imposition of a merits-preclusive ruling that was neither requested nor briefed by me.

## VI. CONCLUSION

For the foregoing reasons, I respectfully request that the Arbitrator reconsider and modify the Order for Dismissal With Prejudice dated March 4, 2026 and instead order that the arbitration be dismissed without prejudice.

Dated: March 4, 2026

Respectfully submitted,

Vivek Shah
Claimant

**JAMS**

Reference No. 5220008989

VIVEK SHAH

      Claimant,

v.

AMERICAN EXPRESS NATIONAL BANK,

      Respondent.

**RESPONDENT AMERICAN EXPRESS NATIONAL BANK'S OPPOSITION TO CLAIMANT'S MOTION FOR RECONSIDERATION AND REQUEST TO MODIFY ORDER OF DISMISSAL**

Respondent American Express National Bank ("American Express") hereby submits its Opposition to Claimant's Motion for Reconsideration and Request to Modify Order of Dismissal, filed on March 4, 2026 ("Motion").

## I.    INTRODUCTION

Claimant files yet another frivolous motion, now seeking reconsideration of the March 4, 2026 Order for Dismissal With Prejudice ("Order") and fails to provide any grounds for reconsideration.

First, "[t]o allow a party to simply walk away from a binding, irrevocable arbitration with no consequence defeats the purpose of arbitration and is unduly prejudicial to the other parties to the arbitration who are trying to get the matter resolved." Crihfield v. Brown, 224 W. Va. 407, 413 (2009).  Claimant's Notice of Voluntary Dismissal ("Notice") did not terminate the Arbitration because JAMS Rule 10(a) does not permit party to terminate or withdraw from arbitration absent the written agreement of the other parties.

Second, the Order does not exceed the scope of the Arbitrator's authority because the Arbitration Agreements permit the arbitrator to award any relief available in court and provide

1

for the resolution of issues pursuant to the JAMS Streamlined Rules, including Rule 10(b). Claimant's Notice of Voluntary Dismissal does not preclude the Arbitrator from conditioning Claimant's withdrawal of claims pursuant to JAMS Rule 10(b).

Third, the Motion does not present any evidence, arguments, or extraordinary circumstances warranting reconsideration of the Order.

American Express respectfully requests that the Arbitrator deny Claimant's Motion for Reconsideration in its entirety for the reasons herein and in American Express's Rule 10 Response which is hereby incorporated by reference.

## II.    BACKGROUND

On March 25, 2025, Plaintiff filed his Demand for Arbitration. JAMS issued the Notice of Commencement of Arbitration on April 16, 2025.

On December 15, 2025, the hearing date was rescheduled for March 4 to 5, 2026. Pursuant to the Corrected Notice of Rescheduled Hearing:

> Any cancelation or continuance must be approved by the arbitrator. **If reserved time is canceled or continued by any party after 02/02/2026** JAMS will make every attempt to reschedule the neutral's time with another matter. However, if JAMS cannot reschedule, **the party canceling or continuing the hearing is responsible for all fees associated with the reserved time.**

On February 25, 2026, Claimant filed a Notice of Voluntary Dismissal stating: "Please take notice that Claimant hereby voluntarily dismisses the case and requests the case manager to close the case." On February 25, 2026, case manager, counsel for American Express informed Gabrielle Nakayama and Claimant that "[w]e are conferring with our client regarding enforcement of JAMS Streamlined Rule 10 given the belated dismissal after the final hearing readiness conference on February 23."

On February 27, 2026, counsel for American Express sent Claimant an email informing Claimant that his Notice was improper under the JAMS Rule and offering to stipulate to a dismissal with prejudice with a mutual waiver of costs. Claimant initially agreed and requested the draft stipulation. After receiving the draft stipulation, Claimant rescinded his assent stating that he "is not dismissing with prejudice." (See Ex. A)

### III.   LEGAL STANDARD

"Motions for reconsideration are disfavored and rarely granted." Brown v. United States, Nos. CV 09–8186 ABC, CR 03–847 ABC, 2011 WL 333380, *2 (C.D. Cal. Jan. 31, 2011). "[A] 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within ten days of entry of judgment." Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp., 248 F.3d 892, 89-99 (9th Cir. 2001). The Ninth Circuit has instructed that reconsideration is appropriate under Rule 59(e) only "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001).

Under JAMS Rule 10(a), a party may not unilaterally withdraw from arbitration "after the issuance of [a] Commencement Letter." Miller v. Plex, Inc., No. 22-CV-05015-SVK, 2024 WL 348820, at *4 (N.D. Cal. Jan. 30, 2024). While a party may unilaterally withdraw a claim without prejudice, the opposing party may "request that the Arbitrator condition the withdrawal upon such terms as he or she may direct." JAMS Rule 10(b).

Federal Rule of Civil Procedure 41 prohibits the voluntary dismissal of an action after the filing of the answer or motion for summary judgment absent a stipulation of dismissal signed by all parties or a court order. Pursuant to Rule 41(a)(2), "an action may be dismissed at the

plaintiff's request only by court order, on terms that the court considers proper." "These terms may include that the dismissal be with prejudice." <u>Microhits, Inc. v. Deep Dish Prods.</u>, Inc., 510 F. App'x 611, 612 (9th Cir. 2013).

## IV.    ARGUMENT

### A.    Claimant's Notice Did Not Terminate The Arbitration.

Claimant's reliance on Sections 1283.4 and 1283.8 of the California Code of Civil Procedure is misplaced. This action, that was filed in federal court, compelled to arbitration pursuant to the Federal Arbitration Act ("FAA") and the Arbitration Agreements, and will return to federal court for confirmation, is **not** governed by the California Arbitration Act ("CAA"). Pursuant to the Arbitration Agreements, procedure is governed by the FAA and the JAMS Streamlined Rules. Even if the CAA were applicable—and it is not—the sections proffered by Claimant do not support the proposition that his Notice terminated the Arbitration.

California Code of Civil Procedure section 1283.8 provides that: "The award shall be in writing and signed by the arbitrators concurring therein. It shall include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy." California Code of Civil Procedure section 1283.8 provides that

> "The award shall be made within the time fixed therefor by the agreement or, if not so fixed, within such time as the court orders on petition of a party to the arbitration. The parties to the arbitration may extend the time either before or after the expiration thereof. A party to the arbitration waives the objection that an award was not made within the time required unless he gives the arbitrators written notice of his objection prior to the service of a signed copy of the award on him."

Neither section precludes an order dismissing the action with prejudice pursuant to JAMS Rule 10 nor provides grounds for reconsideration.

To the extent that Claimant asserts that no controversy remained after he "withdrew the claims that were submitted to arbitration[,]" he misstates the procedural history. Claimant did

not voluntarily submit his claims to arbitration. The District Court **compelled** arbitration of Claimant's claims and Claimant lacks the ability to withdraw those claims from arbitration. Claimant's assertion that his Notice terminated the Arbitration is similarly wrong. Under JAMS Rule 10(a), Claimant cannot unilaterally terminate or withdraw from the arbitration after the issuance of the April 16, 2025 Commencement Letter.

Miller explains why Claimant's positions are unsupported:

> "***First***, Plaintiff did not withdraw. To the contrary, Plaintiff repeatedly pleaded (if not demanded) that JAMS terminate the arbitration. Had Plaintiff withdrawn, there would have been no need for her to so vigorously insist that JAMS close its file. Clearly, she understood that her claim remained in arbitration until JAMS said otherwise. **Indeed, she could not withdraw, as the Court ordered her to arbitrate her claim. If Plaintiff could withdraw from a court-ordered arbitration at her leisure, resulting in termination of the arbitration sufficient to land Plaintiff back in court, she would sap the FAA and the Court of their power to compel arbitration. The Court will not sanction such an outcome.**
>
> ***Second***, the JAMS Rules did not permit Plaintiff to withdraw. Under JAMS Rule 10(a), a party may not unilaterally withdraw from arbitration 'after the issuance of [a] Commencement Letter.' The record indicates that JAMS did issue such a Commencement Letter to the Parties prior to Plaintiff's ostensible withdrawal. Thus, **even if Plaintiff did unilaterally withdraw, the JAMS Rules did not permit her to do so, and, accordingly, would not permit termination on the basis of such withdrawal.**"

Miller, 2024 WL 348820, at *3-4 (italics in original, underlining added) (citations omitted); see also, Vale v. Valchuis, 471 Mass. 495, 504 (2015) ("Allowing withdrawal after the parties have expended resources in preparing for and participating in the arbitration would be antithetical to the Arbitration Act's purpose of furthering the speedy, efficient, and uncomplicated resolution of business disputes."). Indeed, most courts have ruled that "a party may not unilaterally withdraw an issue from arbitration." Crihfield v. Brown, 224 W. Va. 407, 412 (2009) (collecting cases); Brown v. Engstrom, 89 Cal.App.3d 513, (1979) (stating that

"[o]nce a stipulation for judicial arbitration has been executed and filed, a party may not withdraw from the arbitration proceedings"); Arrieta v. Paine, Webber, Jackson & Curtis, Inc., 59 Cal. App. 3d 322, 330 (1976) ("Once a controversy is submitted to arbitration, it remains before the arbitrators until they have completed their determination of the matter, unless the parties mutually agree to withdraw it.") (citing Cal. Civ. Proc. Code § 1280).[1]

Further, courts have ruled that if a party unilaterally withdraws from arbitration, "the claims or issues raised by the withdrawing party are abandoned, thereby precluding them from being pursued in any subsequent arbitration or civil action." Crihfield, 224 W. Va. at 412 (ordering dismissal with prejudice); Knutson v. Lasher, 219 Minn. 594, 600 (1945) (stating that "[b]y withdrawing from the arbitration proceedings and refusing to proceed further thereunder, defendants waived and abandoned the right to arbitrate"). In other words, the arbitrator may issue an award dismissing the claims with prejudice. Id. ("The rule is settled that, where an arbitration agreement is irrevocable and one of the parties withdraws or refuses to participate in the arbitration proceedings, the arbitrators may proceed ex parte at the instance of the other party and make a valid award.").

Because Claimant could not have unilaterally withdrawn from arbitration, his Notice did not terminate the Arbitration. Accordingly, the Arbitrator was authorized to impose the

---

[1] Howard, Weil, Labouisse, Friedrichs Inc. v Tower Hill Trading Co., Ltd, 1995 WL 548846, at *2-3 (S.D.N.Y. 1995) ("In the first place, as a matter of principle, it would be wholly unreasonable to allow a party to initiate an arbitration, proceed part way through the hearings, and then abandon this arbitration in order to start a new one[.]"); Godfrey v. Hartford Cas. Ins. Co., 142 Wash. 2d 885, 897 (2001) ("a party cannot unilaterally withdraw an issue from arbitration"); Cabus v. Dairyland Ins. Co., 656 P.2d 54, 56 (Colo. App. 1982) ("Once a controversy is so submitted, it remains before the arbitrator until an award is rendered unless the parties mutually agree to withdraw it."); Juhasz v. Costanzo, 144 Ohio App. 3d 756, 763 (2001) ("Neither the statute nor the contract itself provides for unilateral withdrawal from arbitration. Therefore, any attempt by Matavich to unilaterally withdraw his consent from arbitration was a nullity.").

condition the withdrawal be with prejudice. JAMS Rule 10(b); Fed. R. Civ. Proc. 41(a)(2); Microhits, Inc. v. Deep Dish Prods., Inc., 510 F. App'x 611, 612 (9th Cir. 2013) ("These terms may include that the dismissal be with prejudice.").

**B.      The Order Does Not Exceed the Scope of The Arbitrator's Authority.**

Pursuant to the Parties' Arbitration Agreements, "[c]laims will be resolved pursuant to this Arbitration provision and the selected organization's rules in effect when the claim is filed, except when those rules conflict with this Agreement." Accordingly, Claimant agreed to the application of the JAMS Streamlined Rules, including Rule 10. (See also Claimant's Brief Addressing Preliminary Issues Identified in Scheduling Order No. 1 at 1 ("I agree that the JAMS Streamlined Arbitration Rules and Procedures are appropriate for this case.").) Further, the Arbitration Agreements provide, subject to limitations not applicable here, "the arbitrator may otherwise award any relief available in court." As explained in the Rule 10 Response, courts may order that a voluntary withdrawal be with prejudice. See Microhits, Inc., 510 F. App'x at 612; Jackson v. Catanzariti, 159 F.4th 874, 882 (11th Cir. 2025) (affirming entry of judgment against plaintiff who sought an "eleventh-hour" dismissal); Burnette v. Godshall, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), aff'd sub nom. Burnette v. Lockheed Missiles & Space Co., 72 F.3d 766 (9th Cir. 1995) (Dismissal with prejudice may be appropriate where "it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action.") (cleaned up); Grover By Grover v. Eli Lilly and Co., 33 F.3d 716, 719 (6th Cir. 1994) ("At the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice"). Accordingly, ordering a dismissal with prejudice was squarely within the scope of the Arbitrator's authority.

Claimant's continued reliance on Rule 41(a)(1) defies logic and does not change the outcome here. Rule 41(a)(1) does not apply when the defendant has filed an answer as American

Express did in the District Court on October 18, 2024 (ECF No. 20).  See Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) ("Once the defendant serves an answer or a motion for summary judgment, however, the plaintiff may no longer voluntarily dismiss under Rule 41(a)(1), but must file a motion for voluntary dismissal under Rule 41(a)(2).").

Section 10(a)(4) of the FAA provides for vacatur of an arbitration award when "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."  9 U.S.C. § 10(a)(4).  Section 10(a)(4) "focuses on whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue."  Beijing Shougang Mining Inv. Co. v. Mongolia, 11 F.4th 144, 161 (2d Cir. 2021). Here, the Arbitration Agreements broadly permit the Arbitrator to "award any relief available in court" and JAMS Rule 10(b) allows the Arbitrator to impose conditions on Claimant's withdrawal of claims.  As such, the Arbitrator had the power to order the dismissal with prejudice.  See Jules v. Andre Balazs Props., No. 20 CIV. 10500 (LGS), 2023 WL 5935626, at *6 (S.D.N.Y. Sept. 12, 2023), aff'd, No. 23-1253, 2025 WL 1201914 (2d Cir. Apr. 25, 2025) (denying motion to vacate where arbitrator determined that claimant's grounds for withdrawing from arbitration were without merit and ruled that respondent was entitled to an award of sanctions because arbitrator did not exceed his powers because the JAMS Rules provided for sanctions); Waters v. Vroom, Inc., 2023 WL 187577, at *3 (S.D. Cal. Jan. 13, 2023)("Because Defendants expressly agreed to be bound by the AAA Consumer Arbitration Rules, they cannot now complain of their enforcement.").

## C.     The Motion Fails To Provide Grounds for Reconsideration.

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed

clear error, or if there is an intervening change in the controlling law."  389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).  A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original).  Where—like here—the motion for reconsideration fails identify new evidence, clear error, or an intervention change in law, the motion should be denied.  See Conejo v. Coleman Cable, L.L.C., No. 14-1424-JTM, 2016 WL 4060292, at *1 (D. Kan. July 29, 2016) (denying motion for reconsideration of grant of Rule 41(a)(2) dismissal with condition that it be with prejudice).

Claimant's allegations of arbitrator misconduct under Section 10(a)(3) lack support.  As an initial matter, Claimant misstates the law.  While an arbitration award may be vacated "where the arbitrators were guilty of misconduct … in refusing to hear **evidence** pertinent and material to the controversy," the refusal to hear unfounded arguments has no bearing on the validity of an arbitration award.  9 U.S.C. § 10(a)(4).  Here, the Arbitrator did not refuse hear to evidence with respect to the Notice.  Adult Use Holdings Inc. v. FaZe Clan Inc., 631 F. Supp. 3d 174, 184 (S.D.N.Y. 2022) (rejecting allegation of arbitrator misconduct because "the Arbitrator cannot be blamed for not considering evidence or arguments never presented").  Claimant chose to file an improper Notice six days before the Final Hearing and **failed to provide any evidence** (or argument) in his Notice.  Claimant was informed that American Express was contemplating the enforcement of JAMS Rule 10.  American Express attempted to resolve the issue through a stipulation for dismissal with prejudice, to which Claimant initially agreed then changed his mind.  Given the prior notice, Claimant, who has routinely filed same-day responses, had ample

time to respond to the Rule 10 Response prior to the issuance of the Order.  Claimant chose not to submit a reply in support of his Notice.

To the extent that Claimant had any pertinent and material evidence in support of his Notice, he should have provided it in his Notice.  To the extent that Claimant seeks reconsideration based on newly discovered evidence, the Motion fails to identify said evidence, fails to show said evidence was unknown to Claimant and could not have been discovered earlier through due diligence, and said evidence is likely to change the disposition of the case.  See Jones v. Aero/Chem Corp., 921 F. 2d 875, 878 (9th Cir. 1990).

In sum, Claimant has not articulated any grounds for

## V.   CONCLUSION

For the foregoing reasons and those asserted in the Rule 10 Response, American Express respectfully requests that the Arbitrator deny Claimant's Motion for Reconsideration.

Dated: March 5, 2026

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS, LLP

By:   */s/ Kay Fitz-Patrick*
Brian C. Frontino
Kay Fitz-Patrick
Morgan Lewis & Bockius LLP
2029 Century Park East, Suite 700
Los Angeles, CA 90067
Telephone:   310-907-1064
Fax:           310-907-1001
Email: brian.frontino@morganlewis.com
        kay.fitz-patrick@morganlewis.com

*Attorneys for Respondent
American Express National Bank*

DB1/ 167182822.1

10

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2026, a copy for the foregoing **RESPONDENT AMERICAN EXPRESS NATIONAL BANK'S OPPOSITION TO CLAIMANT'S MOTION FOR RECONSIDERATION AND REQUEST TO MODIFY ORDER OF DISMISSAL** was submitted to JAMS and was caused to be served electronically, through JAMS Access electronic filing system, upon all parties of record.


*/s/ Kay Fitz-Patrick*
Kay Fitz-Patrick

# EXHIBIT A

**Fitz-Patrick, Kay**

---

| | |
|---|---|
| **From:** | Vivek Shah <newvivekshah@gmail.com> |
| **Sent:** | Friday, February 27, 2026 6:14 PM |
| **To:** | Fitz-Patrick, Kay |
| **Cc:** | Frontino, Brian C. |
| **Subject:** | Re: JAMS Access New Notifications |

[EXTERNAL EMAIL]
I am not dismissing with prejudice.

On Fri, Feb 27, 2026 at 5:30 PM Fitz-Patrick, Kay <kay.fitz-patrick@morganlewis.com> wrote:

Vivek,

Attached are the draft stipulations. Please let us know if we have your authorization to add your signature and file.

Thanks,

**Kay Fitz-Patrick**

Pronouns: She/Her/Hers

**Morgan, Lewis & Bockius LLP**

2049 Century Park East, Suite 700 | Los Angeles, CA 90067

Direct: +1.310.907.1013 | Main: +1.310.907.1000 | Fax: +1.310.907.1001

kay.fitz-patrick@morganlewis.com | www.morganlewis.com

    

**From:** Vivek Shah <newvivekshah@gmail.com>
**Sent:** Friday, February 27, 2026 4:15 PM
**To:** Fitz-Patrick, Kay <kay.fitz-patrick@morganlewis.com>
**Cc:** Frontino, Brian C. <brian.frontino@morganlewis.com>
**Subject:** Re: JAMS Access New Notifications

[EXTERNAL EMAIL]

I'm not sure why they are improper, but I'm okay with stipulating as well. Please send a draft.

1

On Fri, Feb 27, 2026, 4:02 PM Fitz-Patrick, Kay <kay.fitz-patrick@morganlewis.com> wrote:

Vivek,

The notices of voluntary dismissal that you filed are improper under both the JAMS Rules and the Federal Rules of Civil Procedure.  To avoid needless motion practice, we ask that you withdraw the notices in exchange for a stipulation of dismissal with prejudice and a mutual waiver of costs and fees.

Happy to discuss.

**Kay Fitz-Patrick**

Pronouns: She/Her/Hers

**Morgan, Lewis & Bockius LLP**

2049 Century Park East, Suite 700 | Los Angeles, CA 90067

Direct: +1.310.907.1013 | Main: +1.310.907.1000 | Fax: +1.310.907.1001

kay.fitz-patrick@morganlewis.com | www.morganlewis.com

    

**From:** Vivek Shah <newvivekshah@gmail.com>
**Sent:** Wednesday, February 25, 2026 5:13 PM
**To:** Gabrielle Nakayama <GNakayama@jamsadr.com>; Fitz-Patrick, Kay <kay.fitz-patrick@morganlewis.com>
**Subject:** Re: JAMS Access New Notifications

[EXTERNAL EMAIL]

Hi Gabrielle,

A notice of voluntary dismissal has been filed by me. Please close the case.

Vivek

On Wed, Feb 25, 2026 at 5:11 PM <<u>NoReply-Notification@jamsaccess.com</u>> wrote:

**Dear Vivek** ,

Here are all of the new Notifications within JAMS Access.
<u>Click here to login to JAMS Access to see the Notifications.</u>

| Log Notification | Time |
|---|---|
| <u>Notice of Voluntary Dismissal.pdf</u> is uploaded to case Shah, Vivek vs. American Express Company #5220008989 by Vivek Shah | 08:10 PM (ET) |

Thanks,
JAMS Access Team



CONFIDENTIALITY AND PRIVACY NOTICE: This email is from a law firm and may contain information that is confidential, privileged, and/or attorney work product. This email may also contain personal data, which we process in accordance with applicable data protection laws and our <u>Privacy Policies and Notices</u>. If you are not the intended recipient, you may not review, copy, or distribute this message. If you have received this email in error, please contact the sender immediately and delete all copies from your system.

3

**JAMS ARBITRATION CASE REFERENCE NO. 5220008989**

**VIVEK SHAH,**

    **Claimant,**

**and**

**AMERICAN EXPRESS COMPANY,**

    **Respondent.**

---

**ORDER ON MOTION FOR RECONSIDERATION**

The Motion for Reconsideration and Request to Modify Order of Dismissal, filed by Claimant on March 4, 2026, is denied.

Date:   March 6, 2026

Edith Matthai, Esq.
Arbitrator

1
ORDER ON MOTION FOR RECONSIDERATION