MORGAN, LEWIS & BOCKIUS LLP
Brian C. Frontino (SBN 222032)
brian.frontino@morganlewis.com
Kay Fitz-Patrick (SBN 252977)
kay.fitz-patrick@morganlewis.com
2049 Century Park East, Suite 700
Los Angeles, CA  90067-3109
Tel:   +1.310.907.1000
Fax:   +1.310.907.1001

Attorneys for Defendant
AMERICAN EXPRESS NATIONAL BANK
erroneously sued as AMERICAN EXPRESS
COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVEK SHAH,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS COMPANY,<br><br>Defendant. | Case No. 2:24-cv-06953-MWF-MAR<br><br>[Assigned to Judge Michael W. Fitzgerald]<br><br>**DEFENDANT AMERICAN EXPRESS NATIONAL BANK BANK'S NOTICE OF MOTION AND CROSS-MOTION TO CONFIRM ARBITRATION AWARD; OPPOSITION TO MOTION TO VACATE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Declaration of Kay Fitz-Patrick and [Proposed] Order filed concurrently]<br><br>Hearing Date:      April 13, 2026<br>Hearing Time:          10:00 AM<br>Courtroom:                      5A |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

DB1/ 167354328.1

1                    NOTICE OF MOTION AND MOTION TO
                     CONFIRM FINAL ARBITRATION AWARD
                     CASE NO. 2:24-cv-06953-MWF-MAR

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD, THE CLERK OF THE COURT, AND THE HONORABLE COURT:**

**PLEASE TAKE NOTICE** that on April 13, 2026 at 10:00 AM, or as soon as the matter may be heard, in Courtroom 5A of the above-captioned court, Defendant American Express National Bank ("American Express"), erroneously sued as American Express Company, will move for an order confirming the March 4, 2026 arbitration award issued by Arbitrator Edith Mattai ("Award").

American Express bring this motion pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, because the Award does not implicate any of the four specific grounds for vacating an arbitration award enumerated at 9 U.S.C. § 10.  The Award should therefore be confirmed, and Plaintiff Vivek Shah's request to vacate the Award should be denied.

This Motion will be based on this Notice of Motion; the attached Memorandum of Points and Authorities; the concurrently filed Declaration of Kay Fitz-Patrick; the pleadings, records, and files in this action; and upon such further oral or documentary evidence and argument as may be presented at or before the hearing.

Pursuant to L.R. 7-3, Counsel for American Express met and conferred with Plaintiff telephonically regarding the grounds raised in this Motion on March 10, 2026.  The Parties were unable to come to a resolution that eliminates the necessity for a hearing.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

DB1/ 167354328.1

2

NOTICE OF MOTION AND MOTION TO
CONFIRM FINAL ARBITRATION AWARD
CASE NO. 2:24-cv-06953-MWF-MAR

Dated: March 16, 2026

MORGAN, LEWIS & BOCKIUS LLP
BRIAN C. FRONTINO
KAY FITZ-PATRICK

By:    _/s/ Kay Fitz-Patrick_
Kay Fitz-Patrick

Attorneys for Defendant
AMERICAN EXPRESS NATIONAL
BANK erroneously sued as
AMERICAN EXPRESS COMPANY

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

DB1/ 167354328.1

3

NOTICE OF MOTION AND MOTION TO
CONFIRM FINAL ARBITRATION AWARD
CASE NO. 2:24-cv-06953-MWF-MAR

## TABLE OF CONTENTS

**Page(s)**

I.      INTRODUCTION ...............................................................................................9

II.     FACTUAL BACKGROUND ...........................................................................10

    A.    District Court Proceedings...........................................................................10

    B.    Arbitration Proceedings ..............................................................................11

III.    LEGAL STANDARD ......................................................................................12

IV.     ARGUMENT ..................................................................................................13

    A.    Plaintiff Cannot Establish Any Grounds for Vacating the Award. .... 13

        1.    The Arbitrator Did Not Exceed the Scope of Her Authority in Issuing the Award. ................................................ 13

        2.    Plaintiff Fails to Establish Any Misconduct By the Arbitrator. ................................................................................ 17

    B.    Plaintiff's Motion Should Be Denied For Failure to Comply with the Local Rules. .............................................................................. 18

    C.    Plaintiff's Notice of Dismissal Was Ineffective Therefore No Relief Is Required. .................................................................................. 20

    D.    The Award is a Final and Binding Determination and Should be Confirmed ..................................................................................21

V.      CONCLUSION ..............................................................................................22

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

DB1/ 167354328.1

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 2:24-cv-06953-MWF-MAR

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*A.G. Edwards & Sons, Inc. v. McCollough*
  967 F.2d 1401 (9th Cir. 1992)................................................................13

*Adult Use Holdings Inc. v. FaZe Clan Inc.*
  631 F. Supp. 3d 174 (S.D.N.Y. 2022)......................................................18

*Beijing Shougang Mining Inv. Co. v. Mongolia*
  11 F.4th 144 (2d Cir. 2021)....................................................................15

*Burnette v. Godshall*
  828 F. Supp. 1439 (N.D. Cal. 1993)........................................................15

*Burnette v. Lockheed Missiles & Space Co.*
  72 F.3d 766 (9th Cir. 1995)....................................................................15

*Capgemini U.S. LLC v. Sorensen*
  2005 WL 1560482 (S.D.N.Y. July 1, 2005)..............................................19

*Carolina Power & Light Co. v. Uranex*
  451 F. Supp. 1044 (N.D. Cal. 1977)........................................................22

*Carter v. CVS Pharm.*
  2025 WL 2842387 (N.D. Ill. May 7, 2025) ..............................................19

*Cerelux Ltd. v. Yue Shao*
  2017 WL 4769459 (C.D. Cal. June 9, 2017)............................................19

*Correa v. Ford Motor Co.*
  2025 WL 2673627 (C.D. Cal. May 22, 2025)............................................20

*Cortez Byrd Chips, Inc. v. Bill Habert Constr. Co.*
  529 U.S. 193 (2000) ..............................................................................22

*Coutee v. Barington Capital Group, L.P.*
  336 F.3d 1128 (9th Cir. 2003)................................................................13

*French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*
  784 F.2d 902 (9th Cir. 1986)..................................................................23

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

5

DB1/ 167354328.1

*Grover By Grover v. Eli Lilly and Co.*
  33 F.3d 716 (6th Cir. 1994) ................................................................................. 15

*Hall Street Associates, L.L.C. v. Mattel, Inc.*
  552 U.S. 576 (2008) ............................................................................................ 13

*Hargis v. Foster*
  312 F.3d 404 (9th Cir. 2002) ............................................................................... 17

*Jackson v. Catanzariti*
  159 F.4th 874 (11th Cir. 2025) ............................................................................ 15

*Jones v. Aero/Chem Corp.*
  921 F. 2d 875 (9th Cir. 1990) ............................................................................. 19

*Jules v. Andre Balazs Props.*
  2023 WL 5935626 (S.D.N.Y. Sept. 12, 2023) ................................................... 17

*King v. Atiyeh*
  814 F.2d 565 (9th Cir. 1987) ............................................................................... 21

*McNeil v. United States*
  508 U.S. 106 (1993) ............................................................................................ 21

*Miller v. Plex, Inc.*
  2024 WL 348820 (N.D. Cal. Jan. 30, 2024) ................................................. 15, 16

*Munoz-Guzman v. Humberto's Mexican Food*
  2018 WL 8803946 (C.D. Cal. Dec. 4, 2018) ...................................................... 20

*Orion Pictures Corp. v. Writers Guild of Am., W., Inc.*
  946 F.2d 722 (9th Cir. 1991) ............................................................................... 23

*Oxford Health Plans LLC v. Sutter*
  569 U.S. 564 (2013) ............................................................................................ 14

*PMS Distributing Co., Inc. v. Huber & Shuner, A.G.*
  863 F.2d 639 (9th Cir. 1988) ............................................................................... 22

*Porter v. Driveway Fin. Corp.*
  No. 25-4550, 2026 WL 510795 (E.D. Pa. Feb. 24, 2026) ................................. 19

*Questar Capital Corp. v. Gorter*
  909 F. Supp. 2d 789 (W.D. Ky. 2012) ................................................................ 18

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

DB1/ 167354328.1

6                    MEMORANDUM OF POINTS AND
                                    AUTHORITIES
                     CASE NO. 2:24-cv-06953-MWF-MAR

*Schoenduve Corp. v. Lucent Techs., Inc.*
442 F.3d 727 (9th Cir. 2006) ...................................................................................... 18

*Sierra Constr. & Excavation, Inc. v. Endurance Assurance Corp.*
2023 WL 8788811 (E.D. Cal. Dec. 19, 2023) .............................................................. 21

*Singer v. Live Nation Worldwide, Inc.*
2012 WL 123146 (C.D. Cal. 2012) .............................................................................. 20

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*
559 U.S. 662 (2010) ..................................................................................................... 14

*Tri-Valley CAREs v. U.S. Dep't of Energy*
671 F.3d 1113 (9th Cir. 2012) ..................................................................................... 20

*U.S. Care, Inc. v. Pioneer Life Ins. Co. of Ill.*
53 F. App'x 491 (9th Cir. 2002) .................................................................................. 18

*United States v. SF Green Clean, LLC*
2014 WL 3920037 (N.D. Cal. Aug. 8, 2014) ............................................................... 18

*Waters v. Vroom, Inc.*
2023 WL 187577 (S.D. Cal. Jan. 13, 2023) ................................................................. 17

**OTHER CASES**

*Boedeker v. Farley*
2020 WL 2536969 ........................................................................................................ 20

*Crihfield v. Brown*
224 W. Va. 407 (2009) ................................................................................................. 16

*Knutson v. Lasher*
219 Minn. 594 (1945) ............................................................................................ 16, 17

*Vale v. Valchuis*
471 Mass. 495 (2015) ................................................................................................... 16

**FEDERAL STATUTES**

9 U.S.C. § 1 .................................................................................................................. 22

9 U.S.C. § 9 ................................................................................................. 2, 10, 14, 22

9 U.S.C. § 10 ......................................................................................................... 2, 13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

MEMORANDUM OF POINTS AND
AUTHORITIES
CASE NO. 2:24-cv-06953-MWF-MAR

DB1/ 167354328.1

9 U.S.C. § 10(a) ............................................................................................ 14

9 U.S.C. § 10(a)(3) ................................................................................. 14, 18

9 U.S.C. § 10(a)(4) ....................................................................................... 14

**OTHER AUTHORITIES**

Fed. R. Civ. Proc. 41(a)(2) ...................................................................... 16, 22

Federal Rule of Civil Procedure 41 .............................................................. 16

Federal Rule of Civil Procedure 41(a)(1)(A)(i)....................................... 11, 21

Federal Rules of Civil Procedure 41(a) ........................................................ 11

L.R. 5-4.3 ................................................................................................. 20, 21

L.R. 7-3 ...............................................................................................20, 20, 21

L.R. 7-4 .......................................................................................................... 20

L.R. 7-18 ........................................................................................................ 19

L.R. 11.3.2 ............................................................................................... 20, 21

L.R. 11-3-8 .............................................................................................. 20, 21

L.R. 11-5.2 ............................................................................................... 20, 21

L.R. 11-6.2 ............................................................................................... 20, 21

L.R. 83-2.2.3 .................................................................................................. 20

JAMS Streamlined Rule 10 ...................................................................passim

JAMS Streamlined Rule 10(a)........................................................................ 15

JAMS Streamlined Rule 10(b) ......................................................... 16, 17, 18

JAMS Streamlined Rule 20 ........................................................................... 22

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

DB1/ 167354328.1

MEMORANDUM OF POINTS AND
AUTHORITIES
CASE NO. 2:24-cv-06953-MWF-MAR

## I.      INTRODUCTION

Plaintiff Vivek Shah ("Plaintiff") and Defendant American Express National Bank ("American Express") are parties to Cardmember Agreements that contain arbitration agreements.  This Court granted American Express's motion to compel arbitration of Plaintiff's claims on March 25, 2025 (ECF No. 44), ordering Plaintiff to submit his claims to arbitration and staying this action.

A year and a half after bringing this frivolous action, Plaintiff filed improper notices of voluntary dismissal in the arbitration and in this action—a week before the final arbitration hearing.  Because Plaintiff's actions in the arbitration proceedings—including multiple meritless motions and waiting until after the deadline for a refund of arbitration hearing fees to seek dismissal—prejudiced American Express, the arbitrator dismissed Plaintiff's claims with prejudice on March 4, 2026 ("Award") pursuant to Rule 10 of the JAMS Streamlined Arbitration Rules & Procedures.  On March 6, 2026, the arbitrator denied Plaintiff's frivolous motion for reconsideration.  Section 9 of the Federal Arbitration Act ("FAA") provides that "at any time within one year after the award is made any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court *must* grant such an order unless the award is vacated, modified, or corrected . . . ."  9 U.S.C. § 9 (emphasis added).  Accordingly, American Express respectfully requests that this Court confirm the Award and enter judgment thereon.

Plaintiff seeks to circumvent the Parties' mutually agreed upon arbitration agreement by bringing a meritless motion to vacate the Award; however, Plaintiff fails to establish any grounds to vacate the Award under the FAA.  Therefore, the Court should deny Plaintiff's Motion to Vacate.  Further, Plaintiff yet again violated multiple Local Rules, including failing to meet and confer with counsel for American Express before filing his Motion to Vacate—which alone is grounds to deny the motion.  With respect to Plaintiff's requests to vacate any closure or dismissal premised on his improperly filed Notice of Dismissal, Plaintiff's

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

DB1/ 167354328.1

9

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 2:24-cv-06953-MWF-MAR

unilateral notice of dismissal was ineffective under Federal Rule of Civil Procedure 41(a)(1)(A)(i) because American Express filed and served an answer on October 18, 2024 (ECF No. 20).  As such, there is no closure or dismissal to vacate.

## II.   FACTUAL BACKGROUND

### A.   District Court Proceedings

Plaintiff filed this action on August 12, 2024.  (ECF No. 1.)  American Express filed and served an answer on October 18, 2024.  (ECF No. 20.)

On December 6, 2024, American Express moved to compel arbitration pursuant to the Arbitration Agreement contained in the Cardmember Agreements governing Plaintiff's relationship with American Express.  (ECF No. 28.)  The Arbitration Agreement provides that either party "may elect to resolve any claim by individual arbitration."  (ECF No. 32-2 at 16, 34, and 48, and attached hereto as Ex. A to the Declaration of Kay Fitz-Patrick ("Fitz-Patrick Decl.").)

Pursuant to the Parties' Arbitration Agreement, "[c]laims will be resolved pursuant to this Arbitration provision and the selected organization's rules in effect when the claim is filed, except when those rules conflict with this Agreement."  (Id.)  The Arbitration Agreement provides, subject to limitations not applicable here, that "the arbitrator may otherwise award any relief available in court."  (Id.)  Further, the Arbitration Agreement provides that "[j]udgment upon any award may be entered in any court having jurisdiction."  (Id.)  On March 25, 2025, the Court granted American Express's motion to compel arbitration of Plaintiff's claims.  (ECF No. 44.)  The Court ordered Plaintiff to submit his claims to arbitration and stayed this action pending resolution of the arbitration.  (Id.)

On February 25, 2026, Plaintiff improperly filed a Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c) ("Notice of Dismissal"). (ECF No. 53.)  Plaintiff did not confer with counsel for American Express prior to filing his Motion to Vacate on March 6, 2026.  (Fitz-Patrick Decl. ¶ 8.)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

DB1/ 167354328.1

10

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 2:24-cv-06953-MWF-MAR

## B.     Arbitration Proceedings

On March 26, 2025, Plaintiff filed his Demand for Arbitration with JAMS. (Fitz-Patrick Decl., Ex. B.)  JAMS issued the Notice of Commencement of Arbitration on April 16, 2025.  (Id., Ex. C.)  On April 30, 2025, JAMS appointed Edith Mattai, Esq. as the arbitrator.  (Id., Ex. D.)

On December 15, 2025, the arbitration hearing date was rescheduled to March 4 to 5, 2026.  (ECF No. 54-1 at 4.)  Pursuant to the Corrected Notice of Rescheduled Hearing, "[a]ny cancelation or continuance must be approved by the arbitrator."  (Id.)  Pursuant to the attached General Fee Schedule, the fees paid for the arbitration hearing are non-refundable if the hearing is canceled less than thirty days prior to the hearing.  (Id. at 5.)  February 2, 2026 was the last day to cancel or continue the hearing with a refund.  (Id. at 4.)

On February 24, 2026, **seven days** before the scheduled start of the arbitration hearing, Plaintiff filed a Request for Leave to Amend Complaint.  (Fitz-Patrick Decl., ¶ 6.)  American Express filed its opposition that evening.  (Id.)  On February 25, 2026, the Arbitrator denied leave to amend as untimely.  (Id., Ex. E.)  A few hours later, Plaintiff filed a purported Notice of Voluntary Dismissal stating: "Please take notice that Plaintiff hereby voluntarily dismisses the case and requests the case manager to close the case."  (ECF No. 54-1 at 8.)  The same day, American Express informed JAMS and Plaintiff that American Express was considering its options under Rule 10 of the JAMS Streamlined Arbitration Rules & Procedures ("JAMS Rule") and inquired whether the paid hearing fees would be refunded. (Fitz-Patrick Decl. ¶ 7, Ex. F at 2.)  On February 26, 2026, the JAMS case manager confirmed that the fees are non-refundable.  (Id. at 3.)  On February 27, 2026, American Express, through its counsel, informed Plaintiff that the notices filed in arbitration and court were improper.  (ECF No. 54-1 at 36.)  American Express also offered to stipulate to dismissal with prejudice and a mutual waiver of costs and fees so as to avoid needless motion practice.  (Id.)  Plaintiff initially agreed,

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

DB1/ 167354328.1

11

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 2:24-cv-06953-MWF-MAR

requesting drafts of the stipulations, then changed his mind. (Id. at 35.)

On March 2, 2026, American Express filed a Response to the Notice of Voluntary Dismissal pursuant to JAMS Rule 10 ("Opposition"). (ECF No. 54-1 at 9.) American Express requested that the withdrawal of the claim be conditioned on the dismissal of the Arbitration being with prejudice, or, in the alternative, the reimbursement of fees and costs associated with the pre-hearing filings and non-refundable arbitration fees and costs. (Id.) Claimant did not file a reply. On March 3, 2026, JAMS confirmed that the final hearing would not move forward on the scheduled date of March 4. (Fitz-Patrick Decl. ¶ 7, Ex. F at 1.)

On March 4, 2026, the Arbitrator granted American Express's request that the dismissal of the Arbitration be with prejudice and denied American Express's request for an award of fees and costs. (Fitz-Patrick Decl. ¶ 8, Ex. G.) On March 5, 2025, Plaintiff filed a motion for reconsideration of the Award and American Express filed its opposition the same day. (ECF No. 54-1 at 19, 23.) On March 6, 2026, the Arbitrator denied Plaintiff's motion for reconsideration. (Id. at 38.)

### III.  Legal Standard

Review of an arbitration decision is "limited and highly deferential." Coutee v. Barington Capital Group, L.P., 336 F.3d 1128, 1132 (9th Cir. 2003) (quoting Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc., 84 F.3d 1186, 1190 (9th Cir. 1996)). That limited judicial review "maintain[s] arbitration's essential virtue of resolving disputes straightaway." Hall Street Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576, 588 (2008). An arbitration award will not be set aside because the arbitrator did not explain his decision. A.G. Edwards & Sons, Inc. v. McCollough, 967 F.2d 1401, 1403 (9th Cir. 1992). Pursuant to the FAA, the Court can only vacate an award for one of the reasons set forth in Section 10:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evidence partiality or corruption in the arbitrators, or either of them;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

DB1/ 167354328.1

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).  Unless the award is vacated, modified, or corrected, the court **must** grant an order confirming the award.  9 U.S.C. § 9 (emphasis added).

## IV.   ARGUMENT

### A.   Plaintiff Cannot Establish Any Grounds for Vacating the Award.

Plaintiff asserts that the Award should be vacated under Section 10(a)(3) for arbitrator misconduct and Section 10(a)(4) because the arbitrator exceeded her powers.  Plaintiff cannot establish either ground.

#### 1.   The Arbitrator Did Not Exceed the Scope of Her Authority in Issuing the Award.

Section 10(a)(4) of the FAA provides for vacatur of an arbitration award when "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4).  "A party seeking relief under that provision bears a heavy burden."  Oxford Health Plans LLC v. Sutter, 569 U.S. 564, 569 (2013).  "It is not enough ... to show that the [arbitrator] committed an error—or even a serious error."  Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 671 (2010). The court may vacate the award "[o]nly if the arbitrator acts outside the scope of his contractually delegated authority—issuing an award that simply reflects his own notions of economic justice rather than drawing its essence from the contract—may a court overturn his determination."  Oxford Health Plans, 569 U.S. at 569 (citations and internal quotation marks omitted).  Section 10(a)(4) "focuses on whether the arbitrators had the power, based on the parties' submissions or the

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

DB1/ 167354328.1

13

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 2:24-cv-06953-MWF-MAR

arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue." Beijing Shougang Mining Inv. Co. v. Mongolia, 11 F.4th 144, 161 (2d Cir. 2021). Here, the Arbitrator clearly had the power to dismiss the compelled claims with prejudice.

First, the Arbitration Agreement provides that, subject to limitations not applicable here, "the arbitrator may otherwise award any relief available in court." It is undisputed that courts may order that a voluntary dismissal be with prejudice. See Microhits, Inc. v. Deep Dish Prods., Inc., 510 F. App'x 611, 612 (9th Cir. 2013); Jackson v. Catanzariti, 159 F.4th 874, 882 (11th Cir. 2025) (affirming entry of judgment against plaintiff who sought an "eleventh-hour" dismissal); Burnette v. Godshall, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), aff'd sub nom. Burnette v. Lockheed Missiles & Space Co., 72 F.3d 766 (9th Cir. 1995) (Dismissal with prejudice may be appropriate where "it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action.") (cleaned up); Grover By Grover v. Eli Lilly and Co., 33 F.3d 716, 719 (6th Cir. 1994) ("At the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice").

Second, the Arbitration Agreement provides that "[c]laims will be resolved pursuant to this Arbitration provision and the selected organization's rules in effect when the claim is filed, except when those rules conflict with this Agreement." Accordingly, the Parties agreed to the application of the JAMS Rules, including JAMS Rule 10.[1] Under JAMS Rule 10(a), a party may not unilaterally withdraw from arbitration "after the issuance of [a] Commencement Letter." Miller v. Plex, Inc., 2024 WL 348820, at *4 (N.D. Cal. Jan. 30, 2024). While a party may unilaterally withdraw a claim without prejudice, the opposing party may "request that the Arbitrator condition the withdrawal upon such terms as he or she may

---

[1] Plaintiff also expressly agreed to the application of the JAMS Rules. (Fitz-Patrick Decl., Ex. H at 1 ("I agree that the JAMS Streamlined Arbitration Rules and Procedures are appropriate for this case.").)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

DB1/ 167354328.1

14                    MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 2:24-cv-06953-MWF-MAR

direct." JAMS Rule 10(b). JAMS Rule 10 is effectively the equivalent of Federal Rule of Civil Procedure 41. After the filing of an answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper" which "may include that the dismissal be with prejudice." Fed. R. Civ. Proc. 41(a)(2); Microhits, Inc., 510 F. App'x at 612.

Importantly, JAMS Rule 10 prevents a party from circumventing the FAA and court-ordered arbitration via unilateral withdrawal. As explained in Miller, "If Plaintiff could withdraw from a court-ordered arbitration at her leisure, resulting in termination of the arbitration sufficient to land Plaintiff back in court, **she would sap the FAA and the Court of their power to compel arbitration.** The Court will not sanction such an outcome." Miller, 2024 WL 348820, at *3-4 (emphasis added); see also, Vale v. Valchuis, 471 Mass. 495, 504 (2015) ("Allowing withdrawal after the parties have expended resources in preparing for and participating in the arbitration would be antithetical to the Arbitration Act's purpose of furthering the speedy, efficient, and uncomplicated resolution of business disputes.").

JAMS Rule 10 also provides arbitrators with the means to address the inherent prejudice to the other parties to arbitration when one party withdraws. See Crihfield v. Brown, 224 W. Va. 407, 413 (2009) ("To allow a party to simply walk away from a binding, irrevocable arbitration with no consequence defeats the purpose of arbitration and is unduly prejudicial to the other parties to the arbitration who are trying to get the matter resolved."). Indeed, courts have ruled that if a party unilaterally withdraws from arbitration, "the claims or issues raised by the withdrawing party are abandoned, thereby precluding them from being pursued in any subsequent arbitration or civil action." Crihfield, 224 W. Va. at 412 (ordering dismissal with prejudice); Knutson v. Lasher, 219 Minn. 594, 600 (1945) (stating that "[b]y withdrawing from the arbitration proceedings and refusing to proceed further thereunder, defendants waived and abandoned the right to arbitrate"). In

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

DB1/ 167354328.1

15

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 2:24-cv-06953-MWF-MAR

other words, the arbitrator may issue an award dismissing the claims with prejudice. Id. ("The rule is settled that, where an arbitration agreement is irrevocable and one of the parties withdraws or refuses to participate in the arbitration proceedings, the arbitrators may proceed ex parte at the instance of the other party and make a valid award.").

Here, the Arbitration Agreement broadly authorized the arbitrator to "award any relief available in court" and JAMS Rule 10(b) allows the arbitrator to impose conditions on Plaintiff's withdrawal of claims. As such, the arbitrator had the power to order the dismissal with prejudice.[2] See Jules v. Andre Balazs Props., , 2023 WL 5935626, at *6 (S.D.N.Y. Sept. 12, 2023), aff'd, 2025 WL 1201914 (2d Cir. Apr. 25, 2025) (denying motion to vacate where arbitrator determined that claimant's grounds for withdrawing from arbitration were without merit and ruled that respondent was entitled to an award of sanctions because arbitrator did not exceed his powers because the JAMS Rules provided for sanctions); Waters v. Vroom, Inc., 2023 WL 187577, at *3 (S.D. Cal. Jan. 13, 2023)("Because Defendants expressly agreed to be bound by the AAA Consumer Arbitration Rules, they cannot now complain of their enforcement.").

Plaintiff's assertions regarding the Arbitrator's earlier decision to not allow a motion for summary disposition do not change this result. Nothing in the arbitrator's scheduling orders limited the arbitrator's ability to grant a dismissal with prejudice. To the extent that Plaintiff asserts that the Arbitrator's authority was somehow limited because he "only asked that the case be voluntarily dismissed and closed," the assertion fails. The Ninth Circuit has held that "[t]he scope of the arbitrator's jurisdiction extends to issues not only explicitly raised by the parties,

---

[2] Because Plaintiff failed to specify whether his Notice of Voluntary Dismissal sought a dismissal with or without prejudice, the matter was left to the discretion of the Arbitrator.  See Hargis v. Foster, 312 F.3d 404, 407 (9th Cir. 2002) ("Hargis requested a dismissal without specifying whether he was requesting dismissal with or without prejudice, implicitly accepting either determination by the district court.").

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

DB1/ 167354328.1

16

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 2:24-cv-06953-MWF-MAR

but all issues implicit within the submission agreement." Schoenduve Corp. v. Lucent Techs., Inc., 442 F.3d 727, 733 (9th Cir. 2006).  It was well within the Arbitrator's power to impose conditions on Plaintiff's withdrawal of claims.  See JAMS Rule 10(b).

### 2.    Plaintiff Fails to Establish Any Misconduct By the Arbitrator.

Plaintiff's allegations of arbitrator misconduct under Section 10(a)(3) are baseless.  As an initial matter, Plaintiff misstates the law.  While an arbitration award may be vacated "where the arbitrators were guilty of misconduct … in refusing to hear **evidence** pertinent and material to the controversy" or "other misbehavior by which the rights of any party may be been prejudiced," the refusal to hear unfounded arguments has no bearing on the validity of an arbitration award. 9 U.S.C. § 10(a)(3).  "To support vacatur, however, an arbitrator's refusal to consider evidence must demonstrate bad faith or be 'so gross as to amount to affirmative misconduct.'"  United States v. SF Green Clean, LLC, 2014 WL 3920037, at *6 (N.D. Cal. Aug. 8, 2014) (quoting United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 40 (1987)).  A party seeking vacatur on this ground must, at a minimum, identify the evidence the arbitrator refused to hear and must demonstrate that the party has been prejudiced by that refusal.  See U.S. Care, Inc. v. Pioneer Life Ins. Co. of Ill., 53 F. App'x 491, 492 (9th Cir. 2002); Questar Capital Corp. v. Gorter, 909 F. Supp. 2d 789, 816 (W.D. Ky. 2012) ("party alleging misconduct "must show that the excluded evidence was material to the arbitrators' determination and that the refusal to hear that evidence was so prejudicial that the party was denied fundamental fairness").

Here, the Arbitrator did not refuse to hear **evidence** with respect to the arbitration hearing.  See Adult Use Holdings Inc. v. FaZe Clan Inc., 631 F. Supp. 3d 174, 184 (S.D.N.Y. 2022) (rejecting allegation of arbitrator misconduct because "the Arbitrator cannot be blamed for not considering evidence or arguments never

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

DB1/ 167354328.1

17

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 2:24-cv-06953-MWF-MAR

presented"). Plaintiff **chose** to file an improper Notice of Voluntary Dismissal six days before the arbitration hearing. Likewise, the Arbitrator did not refuse to hear **evidence** with respect to the Notice of Voluntary Dismissal. Plaintiff **failed to provide any evidence** with his notice. American Express informed Plaintiff it was contemplating a response under JAMS Rule 10. American Express informed Plaintiff that the notices were improperly filed and attempted to resolve the issue through stipulations for dismissal with prejudice, to which Plaintiff initially agreed then changed his mind. Aware of JAMS Rule 10 and the looming March 4, 2026 arbitration hearing date, Plaintiff, who has routinely filed same-day responses, had ample time to reply to the Opposition prior to the issuance of the Award. Plaintiff chose not to submit a reply in support of his Notice. Capgemini U.S. LLC v. Sorensen, 2005 WL 1560482, at *7 (S.D.N.Y. July 1, 2005) ("Capgemini cannot now argue that it was denied a fundamentally fair hearing when it did not avail itself of the opportunity to be heard.").

With respect to Plaintiff's motion for reconsideration, Plaintiff failed to identify **any** evidence, let alone material evidence, that would have changed the disposition of the case. See Jones v. Aero/Chem Corp., 921 F. 2d 875, 878 (9th Cir. 1990); C.D. Cal. L.R. 7-18. Lastly, Plaintiff's Motion to Vacate similarly does not identify **any** purported material evidence that was excluded and must therefore be denied. See Porter v. Driveway Fin. Corp., No. 25-4550, 2026 WL 510795, at *3 (E.D. Pa. Feb. 24, 2026) ("Because Porter has failed to identify any material evidence the arbitrator refused to consider, there is no basis to vacate the award on this ground."); Carter v. CVS Pharm., 2025 WL 2842387, at *3 (N.D. Ill. May 7, 2025) ("there is no support for the conclusory allegation that the Arbitrator refused to hear evidence and Mr. Carter fails to identify any such evidence").

### B. Plaintiff's Motion Should Be Denied For Failure to Comply with the Local Rules.

"Compliance with the Local Rules is not optional." Cerelux Ltd. v. Yue

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

18

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 2:24-cv-06953-MWF-MAR

DB1/ 167354328.1

Shao, 2017 WL 4769459, at \*1 (C.D. Cal. June 9, 2017) (denying motion to dismiss for failure to comply with L.R. 7-3.  Courts may deny motions for failure to comply with the local rules.  See Tri-Valley CAREs v. U.S. Dep't of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) (affirming denial of a motion for failure to comply with local rules).

Pursuant to Local Rule 7-3, a party must meet and confer regarding the substance of a contemplated motion at least seven days prior to the filing of the motion and must submit a declaration detailing the pre-filing conference.  "Failure to include such a declaration may result in the motion being denied."  C.D. Cal. L.R. 7-3; see also L.R. 7-4 ("The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3…").  "The Court generally does not excuse noncompliance with Rule 7-3."  Munoz-Guzman v. Humberto's Mexican Food, 2018 WL 8803946, at \*2 (C.D. Cal. Dec. 4, 2018).  Instead, courts this district routinely deny motions based on a party's failure to comply with Local Rule 7-3. See e.g., id.; Boedeker v. Farley, 2020 WL 2536969, at \*1 (denying motion to dismiss); Singer v. Live Nation Worldwide, Inc., 2012 WL 123146, at \*2 (C.D. Cal. 2012) (denying motion for summary judgment); Correa v. Ford Motor Co., 2025 WL 2673627, at \*4 (C.D. Cal. May 22, 2025) (denying fee motion)

Additionally, Local Rule 5-4.3 requires that electronically filed documents comply with the formatting requirements of Local Rules 11-3, 11-5, 11-6, and 11-7. Local Rule 11.3.2 requires that all documents include lines numbers.  Local Rule 11-3-8 provides specific requirements for the title page.  Local Rule 11-5.2 requires the consecutive pagination of exhibits.  Local Rule 11-6.2 requires that briefs contain a contain a certificate of compliance with the type-volume limitations. Plaintiff failed to comply with these rules as well.

Plaintiff's pro se status does not exempt from complying with the Local Rules.  C.D. Cal. L.R. 83-2.2.3 ("Any person appearing *pro se* is required to comply with these Local Rules, and with the F.R.Civ.P."); Munoz-Guzman, 2018

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

DB1/ 167354328.1

19

MEMORANDUM OF POINTS AND
AUTHORITIES
CASE NO. 2:24-cv-06953-MWF-MAR

WL 8803946, at *2 ("Although Court is cognizant of Defendant's pro se status, he has no excuse for failing to follow [L.R. 7-3]"); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("pro se litigants must follow the same rules of procedure that govern other litigants."); McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").  In this action, Plaintiff was expressly informed that he would "be held to the same standards as a lawyer as far as complying with the Court procedures and the rules and regulations of the court system."  (ECF No. 7 at 2 (Self-Representation Order).)  Moreover, the Court has twice stricken Plaintiff's filings for failure to comply with the Local Rules.  (See ECF No. 27 (striking motion to compel discovery for failure to engage in a prefile conference and failure to comply with Local Rules 37-1 and 37-2); ECF No. 39 (striking motion to compel discovery for failure to comply with Local Rules 6-1 and 7-5).)  As such, Plaintiff's failure to comply with Local Rules 5-4.3, 7.3, 11-3.2, 11-5.2, and 11-6.2 in connection with his Motion to Vacate was not mere inadvertence but a casual disregard of the rules and the court's prior orders.  Accordingly, the Motion to Vacate should be denied for failure to comply with the Local Rules.

### C. Plaintiff's Notice of Dismissal Was Ineffective Therefore No Relief Is Required.

With respect to Plaintiff's requests to vacate any closure or dismissal premised on his improperly filed Notice of Voluntary Dismissal, Plaintiff's unilateral notice of dismissal was ineffective under Federal Rule of Civil Procedure 41(a)(1)(A)(i) because American Express filed and served an answer on October 18, 2024 (ECF No. 20).  See Nakakuki v. Bello, 2020 WL 1529441, at *1 (S.D.N.Y. Mar. 31, 2020) ("Because Bello had previously served an answer, Nakakuki's unilateral Notice of Dismissal was ineffective."); Sierra Constr. & Excavation, Inc. v. Endurance Assurance Corp., 2023 WL 8788811, at *1 (E.D.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

DB1/ 167354328.1

MEMORANDUM OF POINTS AND
AUTHORITIES
CASE NO. 2:24-cv-06953-MWF-MAR

Cal. Dec. 19, 2023) ("Plaintiff's notice of voluntary dismissal is defective because it is not a signed stipulation by all parties who have appeared and it is not a motion under Rule 41(a)(2)."). As such, there is no closure or dismissal to vacate.

### D. The Award is a Final and Binding Determination and Should be Confirmed

After this Court ordered Plaintiff's claims to arbitration and stayed the matter pending the completion of arbitration, the Court retained jurisdiction to confirm an order from the Arbitration. See Cortez Byrd Chips, Inc. v. Bill Habert Constr. Co., 529 U.S. 193, 202 (2000); 9 U.S.C. § 1, et seq. Pursuant to the FAA, a court has jurisdiction to enforce, confirm or modify an arbitration award where the claim was already pending in the federal court with competent jurisdiction. Id.; see also PMS Distributing Co., Inc. v. Huber & Shuner, A.G., 863 F.2d 639, 642 (9th Cir. 1988); Carolina Power & Light Co. v. Uranex, 451 F. Supp. 1044, 1052 (N.D. Cal. 1977) ("section 4 of the United States Arbitration Act grants district courts the power to actually order the parties to arbitration, but this provision has not been interpreted to deprive the courts of continuing jurisdiction over the action").

Further, the parties here specifically agreed that "[j]udgment upon any award may be entered in any court having jurisdiction." (Fitz-Patrick Decl., Ex. A at 16, 34, ant 48.) In addition, the parties agreed that the Arbitration shall proceed with JAMS and be governed by the JAMS Rules. JAMS Rule 20 provides that "Parties to an Arbitration under these Rules shall be deemed to have consented that judgment upon the Award may be entered in any court having jurisdiction thereof." As described above, this Court retained jurisdiction to enforce such awards. See Cortez Byrd Chips, Inc., 529 U.S. at 202; PMS Distributing Co., Inc., 863 F.2d at 642; Carolina Power& Light Co., 451 F. Supp. at 1052.

Under the FAA, "any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court *must* grant such an order unless the award is vacated, modified, or corrected. . . ." 9 U.S.C.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

DB1/ 167354328.1

21

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 2:24-cv-06953-MWF-MAR

§ 9. The Ninth Circuit Court of Appeals has held that a court should confirm an arbitration award without reexamining the factual and legal reasoning of the arbitrator because "confirmation is required even in the face of 'erroneous findings of fact or misinterpretations of law' . . . [and even if] the [arbitrator] may have failed to understand or apply the law." French v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 784 F.2d 902, 906 (9th Cir. 1986) (citations omitted).

"To be considered 'final,' an arbitration award must be intended by the arbitrator to be a complete determination of every issue submitted." Orion Pictures Corp. v. Writers Guild of Am., W., Inc., 946 F.2d 722, 724 (9th Cir. 1991) (quoting Millmen Local 550 v. Wells Exterior Trim, 828 F.2d 1373, 1376 (9th Cir. 1987)) (cleaned up). Here, the Award dismissed Plaintiff's claims with prejudice and is therefore a "final" award. The Arbitration Agreement provides for judgment on the Award to be entered in court. American Express has timely sought confirmation of the Award. As explained above, Plaintiff cannot establish that the Award should be vacated. Under these facts, it is clear that there are no grounds to refuse to confirm the Award. Accordingly, the Award should be confirmed.

## V.    CONCLUSION

For the foregoing reasons, and as mandated by 9 U.S.C. § 9, American Express respectively requests that this Court enter an order confirming the Final Arbitration Award.

Dated: March 16, 2026

MORGAN, LEWIS & BOCKIUS LLP
BRIAN C. FRONTINO
KAY FITZ-PATRICK

By:        /s/ Kay Fitz-Patrick

Kay Fitz-Patrick
Attorneys for Defendant
AMERICAN EXPRESS NATIONAL
BANK erroneously sued as
AMERICAN EXPRESS COMPANY

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

22

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 2:24-cv-06953-MWF-MAR

DB1/ 167354328.1

## **L.R. 11-6.2 Certificate of Compliance**

The undersigned, counsel of record for American Express National Bank, certifies that this brief contains 4,664 words, which complies with the word limit of L.R. 11-6.1.

Dated: March 16, 2026

MORGAN, LEWIS & BOCKIUS LLP
BRIAN C. FRONTINO
KAY FITZ-PATRICK

By: _____/s/ Kay Fitz-Patrick_____

Kay Fitz-Patrick
Attorneys for Defendant
AMERICAN EXPRESS NATIONAL
BANK erroneously sued as
AMERICAN EXPRESS COMPANY

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CENTURY CITY

DB1/ 167354328.1

23

MEMORANDUM OF POINTS AND
AUTHORITIES
CASE NO. 2:24-cv-06953-MWF-MAR